**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

Dated: 09:43 AM July 13, 2020

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DONALD C. MALONEY, | ) | CASE NO. 19-60895 |
| SHARON L. MALONEY, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

Now before the court is the chapter 7 trustee's (the "Trustee") Notice of Proposed Sale of Real Estate (the "Notice"), filed March 13, 2020. On April 1, Sharon Maloney ("Debtor-Sharon") objected to the proposed sale (the "Objection"). On April 9, Trustee responded to the Objection. The court held a hearing on June 29, 2020, after which a briefing schedule was issued. The matter is now ready for ruling.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. This is a core proceeding and the court has authority to enter final orders. 28 U.S.C. § 157(b)(2)(N). Pursuant to 28 U.S.C. §§ 1408 and 1409, venue in this court is proper. This opinion constitutes the court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.[1]

---

[1] Hereinafter, unless otherwise indicated, any reference to a section ("§" or "section") refers to a section in Title 11 of the United States Code (the "Bankruptcy Code").

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

In 2013, Nancy and Wesley Arthur (the "Arthurs") conveyed real property located at 2312 Grassy Creek Rd., Webster Springs, West Virginia 26288 (the "Property") to Debtor-Sharon as part of a settlement in a civil lawsuit. The Property consists of 3.41 acres in a mountainous region, with a residential structure in poor condition. The deed conveying the Property (the "Deed") contained language granting the Arthurs a right of first refusal ("ROFR").

On April 29, 2019, Donald and Sharon Maloney ("Debtors") filed a joint petition for relief under chapter 7 of the Bankruptcy Code. Debtor-Sharon's interest in the Property is listed on Schedule A/B, and valued at $20,280.[2] On Schedule C, Debtor-Sharon claimed a $555 exemption in the Property pursuant to Ohio Revised Code § 2329.66(A)(18).

On March 11, 2020, Trustee filed an application to employ Rebecca Mace of Webster Realty, LLC (the "Realtor") for the purpose of selling the Property. The court granted Trustee's application on April 3, 2020. According to Trustee, the Realtor valued the Property at $10,000.

The Arthurs initially made an offer to purchase the Property for $4,518.25, which Trustee rejected. Later, however, a third party offered Trustee $8,000 for the Property. Trustee was willing to sell the Property at this price, so he sent the Arthurs a notice of intent to sell, which they received on February 29, 2020. On March 6, the Arthurs exercised their ROFR, and signed an agreement to purchase the Property for $8,000.

Trustee argues that the proposed sale is reasonable and in the best interest of the estate. Trustee proposes to distribute the proceeds of sale as follows:

| | |
|---|---|
| $8,000.00 | Gross sale proceeds |
| $1,000.00 | Brokerage fee |
| $ 44.00 | Transfer stamps, release fees |
| $ 216.77 | Estimated real estate taxes thru December 31, 2019 |
| $ 200.00 | West Virginia out-of-state seller withholding tax |
| $ 555.00 | Exemption to Debtor |
| $5,984.23 | Estimated net proceeds to Trustee |

In the Objection, Debtor-Sharon argues that the Property should not be sold for less than $10,000. She also claims that Trustee did not act in accordance with the ROFR language in the Deed. In essence, she argues that the Arthurs lost their ROFR after they made the initial $4,518.25 offer to Trustee.

---

[2] At the June 29, 2020 hearing, Debtors' counsel stated that this value came from an auditor's valuation.

## DISCUSSION

A chapter 7 trustee may, after notice and a hearing, "use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." § 363(b)(1).[3] The sale of assets outside of the ordinary course of business generally requires proof that: "(1) there is a sound business purpose for the sale; (2) the proposed sale price is fair; (3) the [trustee] has provided adequate and reasonable notice; and (4) the buyer has acted in good faith." In re Exaeris Inc., 380 B.R. 741, 744 (D. Del. 2008) (citation omitted); see also Stephens Indus., Inc. v. McClung, 789 F.2d 386, 389 (6th Cir. 1986) (there must be some "articulated business justification" for a sale under § 363(b)(1)).

First, Debtor-Sharon argues that the Property should not be sold for less than $10,000. However, given the poor condition of the Property and the Realtor's suggested $10,000 listing price as a starting point, the court finds that the $8,000 sale price is fair and reasonable. Trustee consulted with a local realtor and the final result is within the range of his informed business judgment.

Next, Debtor-Sharon argues that Trustee did not act in accordance with the ROFR language in the Deed. The Deed provides, in relevant part:

> THIS DEED, Made this the 3rd day of September 2013, by and between WESLEY L. ARTHUR and NANCY L. ARTHUR, his wife, parties of the first part, and SHARON CHAMBERS MALONEY, party of the second part . . .
>
> This conveyance is subject to a right of first refusal vested in the parties of the first part, and each of them individually. In the event the party of the second part, or her heirs, desire to sell the aforesaid described property conveyed herein, or any portion thereof, during the lifetimes of either the parties of the first part, then the person desiring to sell their portion shall first offer, in writing, to the parties of the first part who are then living, the right to purchase the property proposed to be sold. Such notice of intent to sell shall contain at least the terms of such sale, including, without limitation, the price and terms of payment of such offer of sale. The parties of the first part, or either of them, shall then have a period of fifteen (15) days after the receipt of said notice to accept such offer of purchase. In the event the parties of the first part, or either of them, elects to exercise the right of purchase, then they must do so by notifying the person desiring to sell, in writing within said fifteen (15) day period, and then they must close on such the purchase of the property within thirty (30) days after the party of the second part receives notice of the exercise by them of the right to purchase. If the parties of the first part do not exercise the right to purchase the property, then the party desiring to sell

---

[3] The non-exempt equity in the Property is undoubtedly property of the bankruptcy estate. See § 541(a)(1).

> can then offer such property and sell the same to the general public
> at a price not less than that offered in the notice of right to
> purchase. All notices required herein shall be mailed by certified
> mail, return receipt requested.

(Support Document, ECF 36).

The court finds that Trustee did not act inconsistent with the language of the Deed. Trustee received an offer from a third party to purchase the Property for $8,000, which he was willing to accept. However, because of the Arthurs' ROFR, Trustee gave the Arthurs notice of his intent to sell for $8,000. The Arthurs received the notice on February 29, 2020. And on March 6, less than 15 days after receiving the notice, the Arthurs signed an agreement to purchase the Property for $8,000, effectively exercising their ROFR. This was all in accordance with the language of the Deed.

It is true, as Debtor-Sharon points out, that the Arthurs initially offered to purchase the Property from Trustee for $4,518.25. But this was separate and apart from the Arthurs exercising their ROFR.[4] The Arthurs made the initial offer *prior* to receiving Trustee's notice of intent to sell and *prior* to notifying Trustee that they were exercising their ROFR. The Deed plainly does not state that the Arthurs lose their ROFR in these circumstances.

Even if the court agreed with Debtor-Sharon's arguments, she might not have standing to challenge the sale. Whether the Property sells for $8,000 or $10,000, there is no indication that Debtor-Sharon will receive any more than $555 – the amount of her exemption. See, e.g., In re Cormier, 382 B.R. 377, 410 (Bankr. W.D. Mich. 2008) (chapter 7 debtors had no standing to object to sale when they were to be paid full amount of exemption and there was no indication of a surplus). See also In re Miller, No. 12-8004, 2012 Bankr. LEXIS 5907, at * 13, 14 (B.A.P. 6th Cir. Dec. 27, 2012) (citing Monus v. Lambros, 286 B.R. 629, 634 (N.D. Ohio 2002)).

Taking into consideration Trustee's concerns about the condition and deterioration of the Property and his reliance on the Realtor's valuation, the court finds that the proposed sale is well within Trustee's range of business judgment. There is no evidence that Trustee failed to provide reasonable and adequate notice of the sale, nor is there any evidence that the Arthurs acted in bad faith. Furthermore, the proceeds of sale will not only pay Debtor-Sharon's exemption in full, but also net $5,984.23 to Trustee for distribution to creditors. Therefore, the court finds that the proposed sale is in the best interest of the estate.

The court will enter a separate order in accordance with this opinion.

---

[4] To summarize, the Deed contains two primary conditions precedent to the Arthurs utilizing their ROFR: (1) the seller must give the Arthurs detailed notice of its intent to sell; and (2) the Arthurs, within 15 days of receiving the notice, must then notify the seller, in writing, that they are exercising their ROFR.

4

**Service List**:

Donald C. Maloney
Sharon L. Maloney
86 W. Main Street
Shiloh, OH 44878-9733

Rebecca K. Hockenberry
Thompson & Hockenberry Co LPA
371 Lexington Avenue
Mansfield, OH 44907

Josiah L. Mason
Canton
153 W Main Street
P.O. Box 345
Ashland, OH 44805-2219